{¶ 29} I must respectfully dissent from the majority's opinion because I believe that summary judgment was not proper due to the existence of genuine issues of material fact concerning whether there was a bona fide offer from a third party.
 {¶ 30} Appellee testified in her deposition that any interest she had in the real estate in question was managed by her husband, Don Bloom. In fact, appellee testified that she had no part in the negotiation to purchase the subject real estate and Don Bloom acknowledged that he handled that purchase.
 {¶ 31} Don Bloom described in his deposition his relationship with the various listed businesses, including the company that made the offer to lease the subject property. This was detailed by the trial court below and in the majority's opinion. Don Bloom also testified that he was involved with the decision to make the offer to lease and to send the offer letter. Don Bloom acknowledged that he was the individual who determined the amount of the offer and testified that, "I'm the one that authorized it."
 {¶ 32} For these reasons, I believe that appellant, Sunoco, Inc., presented sufficient evidence of the existence of genuine issues of material fact on the issue of a bona fide offer to preclude summary judgment and send this case to the trier of fact. Therefore, I must respectfully dissent from the majority's decision to affirm the trial court.